**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-50369 |
| Plaintiff - Appellee, | D.C. No. 3:12-cr-01430-WQH |
| v. | |
| ELIZABETH P. CORRAL, a.k.a. Elizabeth Corral, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Submitted March 15, 2016[**]

Before:    GOODWIN, LEAVY, and CHRISTEN, Circuit Judges.

Elizabeth P. Corral appeals from the district court's judgment and challenges

the 10-month custodial sentence and two special conditions of supervised release

imposed upon revocation of supervised release.    We have jurisdiction under 28

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.    *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1291, and we affirm.

Corral contends that, although she was permitted to allocate before sentencing, the district court procedurally erred by failing to provide her with an opportunity to be heard prior to the court's decision to revoke. Contrary to Corral's contention, the denial of the right of allocution is not error warranting automatic reversal. *See Boardman v. Estelle,* 957 F.2d 1523, 1530 (9th Cir. 1992). Rather, we review for plain error, *see United States v. Waknine,* 543 F.3d 546, 553 (9th Cir. 2008), and find none. In light of the district court's rejection of Corral's request for a low-end custodial sentence and placement in a halfway house, she has not shown a reasonable probability that, but for the alleged error, the district court would not have revoked supervised release. *See id.* at 553-54.

Corral next contends that the custodial sentence is substantively unreasonable. The district court did not abuse its discretion in imposing Corral's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The sentence at the high-end of the Guidelines range is substantively reasonable in light of the 18 U.S.C. § 3583(e) sentencing factors and the totality of the circumstances, including Corral's repeated breaches of the court's trust. *See Gall,* 552 U.S. at 51; *United States v. Simtob*, 485 F.3d 1058, 1062-63 (9th Cir. 2007).

15-50369

Finally, Corral challenges the special conditions of supervised release requiring her to, as directed by probation, (1) reside in a residential reentry center for up to 120 days pending placement in a long-term residential drug treatment program, and (2) enter and complete a long-term residential drug treatment program. The district court did not abuse its discretion. *See United States v. Daniels*, 541 F.3d 915, 924 (9th Cir. 2008). In light of Corral's history and circumstances, the challenged conditions are reasonably related to rehabilitation and do not involve a greater deprivation of liberty than is reasonably necessary. *See* 18 U.S.C. § 3583(d)(1), (2); *Daniels*, 541 F.3d at 924 ("[W]e give considerable deference to a district court's determination of the appropriate supervised release conditions." (internal quotations omitted)).

**AFFIRMED.**